Terence N. Hawley (SBN 179106)
Email: thawley@reedsmith.com
Courtland C. Chillingworth (SBN 261140)
Email: cchillingworth@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572
Telephone:   +1 510 763 2000
Facsimile:   +1 510 273 8832

Attorneys for Plaintiff
Jorge Luis Ramirez

J. RANDALL ANDRADA (SBN 70000)
randrada@andradalaw.com
ALICIA KENNON (SBN 240569)
akennon@andradalaw.com
ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION
180 Grand Avenue, Suite 225
Oakland, California 94612
Tel.:   (510) 287-4160
Fax:   (510) 287-4161

Attorneys for Defendants COUNTY OF ALAMEDA,
ERICH MARAPAO, ELDON EARNHARDT,
P. KERNS,
AND GREGORY J. AHERN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS RAMIREZ, individually, | No.: C09-00422 MMC |
| Plaintiff, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| vs. | |
| COUNTY OF ALAMEDA, a public entity; ALAMEDA COUNTY SHERIFF'S OFFICE, a public entity; ERICH MARAPAO, individually, and in his capacity as deputy sheriff for the COUNTY OF ALAMEDA; ELDON EARNHARDT, individually, and in his capacity as deputy sheriff for the COUNTY OF ALAMEDA; P. KERNS, individually, and in his capacity as deputy sheriff for the COUNTY OF ALAMEDA; GREGORY J. AHERN, in his capacity as Sheriff for the COUNTY OF ALAMEDA; and DOES 1-20, inclusive, | Honorable Maxine M. Chesney |
| Defendants. | |

## PROTECTIVE ORDER

Plaintiff Jorge L. Ramirez ("Plaintiff") and Defendants County of Alameda, Alameda County Sheriff's Office, Erich Marapao, Eldon Earnhardt, P. Kerns, and Gregory J. Ahern ("Defendants"), by and through their respective counsel of record, hereby stipulate that good cause exists for discovery in the above-entitled action (the "Action") to be conducted under a Protective Order. Accordingly, Plaintiff and Defendants stipulate to the following Protective Order:

1. **Definitions:**

    a. <u>Party:</u> any party to this Action, including all officers, employees, consultants, retained experts, and counsel (and their support staff) for any party.

    b. <u>Discovery Material:</u> all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, documents or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    c. <u>Document:</u> all letters, words, numbers, pictures, sounds or symbols set down by handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, mechanical or electronic recording, or any other form of data compilation.

    d. <u>"Confidential:"</u> information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure section 26, subsection (c).

    e. <u>Receiving Party:</u> a Party that receives Discovery Material from a Producing Party.

    f. <u>Producing Party:</u> a Party or non-party that produces Discovery Material in this Action.

    g. <u>Designating Party:</u> a Party or non-party that designates information or items that it produces in disclosures or responses to discovery as "Confidential."

h. <u>Protected Material</u>: any Discovery Material that is designated as "Confidential" including, but not limited to, any discovery material that the Designating Party believes contains or discloses information involving privacy interests, such as medical information or the names of minors.

i. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel as an expert or consultant or has been designated as a non-retained testifying expert to serve as an expert witness or as a consultant in this Action, and who is not a past or current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

2. **Scope:** The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel in court or in other settings that might reveal Protected Material.

3. **Duration:** The obligations of this Stipulation and Protective Order shall survive the termination of this Action and shall continue to restrict the disclosure and use of discovery material designated "CONFIDENTIAL." Following termination of this Action, the Court will retain jurisdiction to enforce the terms of this Stipulation and Protective Order.

4. **Treatment of Confidential Information Produced by Third Parties:** The provisions of this Protective Order shall apply to the parties to this Action, their counsel and others assisting said counsel and any other person producing, disclosing or receiving Confidential information in this Action who agrees or is ordered to be bound by this Protective Order. As used herein, "person" includes both the named parties and third parties who have agreed or been ordered to be bound by this Protective Order. If, in the course of this Action, discovery is sought from third parties which would require such parties to disclose and/or produce "Confidential" information (as defined in Paragraph 6 herein), such third parties may gain the protections of this Protective Order by signing Exhibit A and agreeing in writing to produce documents pursuant to this Order and to be bound by it. No further order of this Court shall be necessary to extend the protections of this Order

to third parties. Furthermore, parties to this Action may designate documents or information produced by third parties as "Confidential."

**Designating Protected Material:**

5. Except as otherwise provided in the Order, or as otherwise stipulated or ordered, material that qualifies for protection under this order must be clearly so designated before the material is disclosed or produced.

6. A Producing Party may designate as "CONFIDENTIAL" any Discovery Material that contains Protected Material. Discovery material may be so designated by stamping "CONFIDENTIAL" on each page of each document or by using such other procedures upon which the Parties agree in writing. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must identify the protected portion(s) (e.g., by making appropriate markings in the margins).

7. All documents produced during the course of discovery that are attached to the Parties' responses to written discovery requests that contain "CONFIDENTIAL" discovery material shall be so designated.

8. Any Party may, by written notice to counsel for all Parties no later than thirty (30) days after receipt of the deposition transcript, designate portions of oral testimony, or the testimony in its entirety, as "CONFIDENTIAL." A separately bound transcript of those portions of the testimony that contain "CONFIDENTIAL" discovery material shall be made. If any portion of any transcript so marked is required to be lodged with the Court, it shall be lodged in compliance with Civil Local Rule 79-5.

9. When "CONFIDENTIAL" discovery material is offered as an exhibit or quoted or referenced in any deposition, only persons entitled to such information pursuant to Paragraph 14 may be present during such an offer, quotation or reference, except this does not include any material which is obtained from the public domain. This does not prevent questioning any witness about their knowledge the witness may have relevant to this case.

10. When "CONFIDENTIAL" information is introduced as an exhibit or through testimony in any deposition, counsel introducing such information shall advise the court reporter that

the testimony or exhibits are "CONFIDENTIAL" pursuant to this Stipulation and Protective Order. The court reporter shall separately bind the transcript of the testimony or the exhibit and mark the cover of the bound transcript or exhibit with the applicable "CONFIDENTIAL" designation. If the transcript with the "CONFIDENTIAL" discovery material is required to be lodged with the Court, it shall be lodged in compliance with Civil Local Rule 79-5.

**Challenging Confidentiality Designations:**

11. A Party that elects to press a challenge to a confidentiality designation may file and serve a motion under Civil Local Rule 37-1 (and in compliance with Civil Local Rule 79-5, if applicable). The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Pending a ruling from the Court, the Designating Party's designation shall control unless the material was otherwise publicly available or obtained elsewhere.

**Access To And Use Of Protected Material:**

12. A Receiving Party may use Protected Material that is designated as "CONFIDENTIAL" by another Party or non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, or for any appeal, and Protected Material shall not be used in any other proceeding.

13. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to persons authorized under this Stipulation and Protective Order.

14. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "CONFIDENTIAL" only to:

    a. Counsel of record for the Parties in this Action, and employees of such counsel, including secretaries, legal assistants, and their respective staffs.

    b. The Parties to the Action and any employees or officers of a Party.

    c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation provided each Expert has read this Stipulation and Protective Order in advance of disclosure and has agreed in writing to be bound by its terms by

executing an Agreement to Maintain Confidentiality in the form of Exhibit A. Counsel for the Parties shall retain a copy of each affidavit executed by the Party's retained expert and will keep and produce to the Producing Party at the Party's request (subject to applicable rules governing disclosure of expert witnesses). Any affidavit signed by a Party's consulting expert shall be kept on file by the Party who retained that consultant.

      d.    The Court or any other court having jurisdiction over discovery procedures in the Action.

      e.    Any court reporter or typist recording or transcribing testimony in the Action.

      f.    Any employee of an outside independent reproduction or graphics firm or litigation support service who has read this Stipulation and Protective Order and has agreed in writing to be bound by its terms by executing an Agreement to Maintain Confidentiality in the form of Exhibit A.

      g.    Any person whose deposition is taken by any Party to this Stipulation and Protective Order, so long as such disclosure is made during the course of the deposition and the deponent signs an Agreement to Maintain Confidentiality in the form of Exhibit A.

      h.    A jury empanelled in the Action.

      i.    Any private mediator agreed to by the Parties.

15.    "CONFIDENTIAL" discovery material shall be maintained in confidence by the Receiving Party and shall not be disclosed by the Receiving Party except to persons entitled to access pursuant to Paragraph 14.

16.    Nothing contained in this Order shall restrict use or disclosure of discovery material designated "CONFIDENTIAL" by the Designating Party.

**Protected Material Subpoenaed Or Ordered Produced In Other Litigation:**

17.    If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party in writing

immediately in no more than three court days after receiving the subpoena or other order. Such notification must include a copy of the subpoena or court order.

18. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulation and Protective Order promptly to the party in the other Action that caused the subpoena or order to issue.

19. The purpose of imposing these duties it to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another Court.

**Unauthorized Disclosure of Protected Material:**

20. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, the Receiving Party Must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request that such person or persons execute the affidavit in the form of Exhibit A.

**Filing Protected Material:**

21. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**Final Disposition:**

22. Upon final conclusion of the Action, including all appeals, all "CONFIDENTIAL" discovery material and all copies shall, at the discretion of the Designating Party, either be returned

1  to the Designating Party or its counsel, or destroyed. If the "CONFIDENTIAL" discovery material
2  is destroyed, counsel for the Receiving Party shall certify that such discovery material has been
3  destroyed.

**Miscellaneous:**

23. Nothing in this Order, nor any failure by a Party to challenge the designation of discovery material as "CONFIDENTIAL", shall be construed as an admission concerning the confidential or proprietary nature of the discovery material, the relevance for discovery purposes of the discovery material, or the admissibility of the discovery material.

24. Nothing in this Protective Order shall be construed as a limitation on the use of admissible evidence at trial, subject to such confidentiality provisions as may be ordered by the Court. Furthermore, the Parties shall have the right to request that any hearing or portions of any hearing be conducted *in camera*.

25. During discovery and through the conclusion of this matter, the Parties reserve the right to move the Court for additional restrictions on disclosure and/or dissemination of Discovery Material.

DATED: June 5, 2009.

REED SMITH LLP

By /s/ _____

Terence N. Hawley (SBN 179106)
Courtland C. Chillingworth (SBN 261140)
Attorneys for Plaintiff
Jorge Luis Ramirez

No.: C09-00422 MMC                   – 8 –
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

DATED: June 5 2009.

ANDRADA & ASSOCIATES

By_____

J. Randall Andrada (SBN 70000)
Alicia Kennon (SBN 240569)
Attorneys for Defendants

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: June 9, 2009

By 
United States District Judge

No.: C09-00422 MMC — 10 —
STIPULATION AND [PROPOSED] PROTECTIVE ORDER